IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

ROSA ESTHER CORREA JIMENEZ          CASE No: 14-03091 BKT

CHAPTER 13

Debtor

_____

**TRUSTEE'S MOTION FOR INCOME TAX RETURNS**

**TO THE HONORABLE COURT:**

**COMES NOW**, Alejandro Oliveras Rivera, Standing Chapter 13 Trustee, and very respectfully, **ALLEGES, STATES** and **PRAYS:**

1. The bankruptcy code imposes upon a Chapter 13 trustee certain duties among them those of: advise, other than on legal matters, and assist the debtor in performance under the plan; investigate the financial affairs of the debtor.[1]

2. In turn, the code imposes upon debtors the duty to cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties.[2]

3. The disclosure of financial information, as a duty of a debtor, is further prescribed specifically for cases under Chapter 13, when the code mandates it be made at the request of the court, the United States Trustee, or any party in interest. Under

---

[1] 11 U.S.C. sec. 1302(b)(4) and sec. 704(a)(4) cross referenced by sec. 1302(b)(1).
[2] 11 U.S.C. sec. 521(a)(3).

circumstances and within timeframes delineated in the code the Chapter 13 debtor is to furnish a …*"statement, under penalty of perjury, of the income and expenditures of the debtor during the tax year of the debtor most recently concluded before such statement is filed under this paragraph, and of the monthly income of the debtor, that shows how income, expenditures, and monthly income are calculated."*[3]

4. On the primal duty of disclosure, we have in our jurisdiction, the case of <u>In re Pick and Save</u>[4], citing the 9th Circuit Bankruptcy Appellate panel in the case of <u>In re Searles</u>[5], concluding as follows:

> "The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change' Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir.2002), citing In re Coastal Plains, Inc., 179.

5. The Debtor(s) confirmed/approved plan contains a provision regarding tax refunds which, for the purpose of this motion in abridged form states that, each year's refund will be devoted to the plan as periodic payments. **Dkt. 21**

6. Trustee needs to determine whether for the year(s) Debtor(s) received a refund. As of this date, complete and legible copies of the tax returns have not been submitted.

---

[3] 11 U.S.C. Sec. 521(f)(4).
[4] 478 B.R. 110 (Bankr. D.P.R. 2012).
[5] 317 B.R. 368 (B.A.P. 9TH Cir. 2004).

TRUSTEE'S MOTION FOR INCOME TAX RETURNS
CASE NUMBER 14-03091 BKT
Page 3 of 4

7. The best evidence and a starting point on the above is copy(ies) of the corresponding filed income tax returns. Hence, in order to gauge the extent of debtor(s) compliance or non compliance with his/her/their duties under the Code and pursuant to the terms of debtor(s) chapter 13 plan, review of the income tax returns is necessary. Consequently, debtor(s) should provide complete and legible copies of the following tax returns (<u>2017 and 2018</u>).

8. Debtor(s) do(es) not belong to the U.S. Armed Forces, the U.S. Coast Guard, the U.S. Public Health Service or the National Oceanic and Atmospheric Administration. A certificate issued by the U.S. Department of Defense, Manpower Data Center is attached to the original motion filed and the Trustee's copy regarding the military status of Debtor(s).

**WHEREFORE**, on the grounds above stated it is respectfully requested from this Honorable Court to grant this motion and consequently, enter an order directing debtor(s) to submit complete and legible copy(ies) of the return(s) aforementioned within 14 days from the date of the order.

**NOTICE**: Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public

**TRUSTEE'S MOTION FOR INCOME TAX RETURNS**
**CASE NUMBER 14-03091 BKT**
**Page 4 of 4**

policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date the foregoing document has been served to debtor(s) at the address of record. Also, the following parties will receive notice through the court's CM/ECF electronic mail system: Debtors' attorney and to the Assistant United States Trustee, Monsita Lecaroz, Esq.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 16 day of May, 2019.

/s/Alejandro Oliveras Rivera
ALEJANDRO OLIVERAS RIVERA
USDC 131006
CHAPTER 13 TRUSTEE
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. 977-3500  Fax 977-3521
aorecf@ch13sju.com
JAR- CCA

Department of Defense Manpower Data Center

Results as of : May-15-2019 03:25:39 PM

SCRA 4.11



# Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-1333 |
| Birth Date: | |
| Last Name: | CORREA JIMENEZ |
| First Name: | ROSA |
| Middle Name: | ESTHER |
| Status As Of: | May-15-2019 |
| Certificate ID: | N38BYX3B233J4NY |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940).  DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate.  In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33.  If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you.  See 50 USC App. ? 521(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING:  This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.